US DISTRICT COURT INDEX SHEET

















MAM

3:06-MC-42 EVANS V. GARRO

*2*

*REGJGM*

Charles G. La Bella (SBN 183448)
Thomas W. McNamara (SBN 127280)
La Bella & McNamara, LLP
401 West "A" Street, Suite 1150
San Diego, CA 92101
Tel: (619) 696-9200

06 JAN 23 AM 9:33

CLERK ... DISTRICT COURT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DEPUTY

| | |
|---|---|
| ROBB EVANS, as Receiver for TLC America, Inc., <br><br> Plaintiff(s) <br><br> v. <br><br> JAMES F. GARRO, an individual; et. al. <br><br> Defendant(s) | **CASE NUMBER:** 06 MC 42 IEG <br><br> SACV 01-819 DOC (AnX) <br><br> ━━━━━━━━━━━━━━━ <br><br> **CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT** |

I, Sherri R. Carter, Clerk of this United States District Court certify that the attached judgment is a true and correct copy of the original judgment entered in this action on <u>December 14, 2002</u>
Date

as it appears in the record of this court, and that * (see below)

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on <u>1/20/06</u>
Date

**SHERRI R. CARTER**
<u>CLERK, U.S. DISTRICT COURT</u>

By: _____
                    Deputy Clerk

* *Insert the appropriate language:*

"no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed."

"no notice of appeal from this judgment has been filed, any motions of the kinds listed in Rule 4(a) of the Rules of Appellate Procedure [*] have been disposed of, the latest order disposing of such a motion having been entered on [date]."

"an appeal was taken from this judgment and this judgment was affirmed by mandate of the Court of Appeals issued on [date]."

"An appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

[**NOTE:** The motions listed in Rule 4(a), Fed.R.App.P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.]

| | | |
|---|---|---|
| CV-101 (08/97) | CERTIFICATION OF JUDGMENT FOR REGISTRATION IN ANOTHER DISTRICT | CCDCV101 |

# NATIONAL ARCHIVES AND RECORDS ADMINISTRATION

# To all to whom these presents shall come.  Greeting:

By virtue of the authority vested in me by the Archivist of the United States, I certify on his behalf,

under the seal of the National Archives and Records Administration, that the attached reproduction(s)

s a true and correct copy of documents in his custody.



| Signature | | |
|---|---|---|
| Name BRUCE MacVICAR | | Date JAN 2 0 2008 |
| Title Director Records Center Operations | | |
| National Archives and Records Administration Pacific Region (Laguna Niguel) 24000 Avila Road, 1st Floor (East) Laguna Niguel, CA 92677-3497 | | |

NA FORM 13040 (10-86)



ENTERED

DEC 1 9 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE
BY _____ DEPUTY

Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED

LODGED

DEC 1 6 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY _____ DEPUTY

DEC 1 2 2002

U.S. DISTRICT COURT AT SANTA ANA
DEPUTY

FILED BY FAX

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ROBB EVANS, as Receiver for TLC
America, Inc.,

    Plaintiff,

    vs.

JAMES F. GARRO, an individual;
DAVID PRICE, an individual; PAUL
CHOVANEC, an individual; TERRY E.
PROVENCE, an individual; ALLISON-
McCLOSKEY ESCROW CO., a
California corporation; NAVAJO
CAPITAL, INC., a Wyoming corporation;
SIENNA FINANCIAL LTD., a British
Virgin Islands corporation; CAMELOT
INTERNATIONAL, LLC, a Wyoming
limited liability company; MERLIN
FINANCIAL, LLC, a Wyoming limited
liability company; CORFU
INTERNATIONAL, LLC, a Wyoming
corporation; THE LANCELOT
FOUNDATION, a Wyoming nonprofit
company; APPALOOSA
INTERNATIONAL, INC., a Wyoming
corporation; CITATION FINANCIAL
MANAGEMENT, INC., a Wisconsin
corporation; CERTEX INVESTMENTS,
INC., a Wisconsin corporation;
DURHAM CAPITAL GROUP, INC, a
Nevada corporation; and FORTRESS
FINANCIAL LTD., a British Virgin
Islands corporation,

    Defendants.

**CASE NO. SACV 01-819 DOC
(AnX)**

[AMENDED ~~PROPOSED~~]
**JUDGMENT AGAINST
DEFENDANTS DAVID PRICE,
DURHAM CAPITAL GROUP,
INC., JAMES F. GARRO
(AND HIS RELATED
COMPANIES)**

**TRIAL:** Nov. 6, 2002
**TIME:** 8:30 a.m.

**JUDGE:** David O. Carter
**CTRM:** 9D

*NOTE CHANGES MADE BY THE COURT*

ENTER ON ICMS

DEC 1 9 2002

SACV01819

## ACTION AGAINST DEFENDANTS DAVID PRICE AND DURHAM CAPITAL

The action against Defendants David Price ("Price") and Durham Capital Group, Inc. ("Durham Capital") came on for trial before the Court on November 6, 2002, before the Honorable David O. Carter, United States District Court Judge, on the evidence of Robb Evans as Court Appointed Receiver for TLC America, Inc. and related entities ("Plaintiff") for judgment against Defendants Price and Durham Capital. The evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered.

IT IS ORDERED AND ADJUDGED that:

1.      Defendants Price and Durham Capital are jointly and several liable to Plaintiff for the sum of $3,505,001.59, post-judgment interest on said sum as computed pursuant to 28 U.S.C. section 1961 and for the reasonable costs of suit of $_to be determined by Clerk_; and

2.      A constructive trust is imposed over the real property, fixtures and furnishings located at 7843 Marquette, Dallas, Texas. Defendants PRICE and DURHAM CAPITAL, and their agents, servants, assigns and those acting in concert with them, are enjoined from engaging in any activities to transfer, secret or dissipate these assets. Such prohibited activities include selling, divesting, transferring, further encumbering, or otherwise dissipating the assets on which the constructive trust is imposed.

## Action Against Defendants James F. Garro and His Related Companies

The portion of the judgment against Defendants James F. Garro and his related companies (Navajo Capital, Inc., Sienna Financial, Ltd., Camelot International, LLC, Merlin Financial, LLC, Corfu International,

- 1 -

SACV01819

.-12-02  01:55pm   From-McKenna Long      idge                 6195955450           T-927   P.19/21   F-502

LLC, the Lancelot Foundation, and Appaloosa International, Inc.) arises from Plaintiff's Motion to Enforce Settlement Agreement against said Defendants. That Motion came on for a duly noticed hearing on before the Court on November 16, 2002 at 8:30 a.m., before the Honorable David O. Carter, United States District Court Judge. The Court having reviewed Plaintiff's Motion, Defendants' Opposition and the supporting evidence thereto, and considered the arguments of counsel,

IT IS ORDERED AND ADJUDGED that:

1. Plaintiff is awarded judgment against Defendants Garro and his related companies in the amount of $305,923.50 as well as reasonable ~~attorneys' fees and~~ costs incurred in enforcing the Settlement Agreement of $ _to be determined by Clerk._

DATED: December _16_,2002 _____
HON. DAVID O. CARTER
United States District Court Judge

22107682

- 2 -

SACV01819



ENTERED

DEC 19 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA OFFICE

BY _____ DEPUTY

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED

LODGED

DEC 16 2002

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY _____ DEPUTY

DEC 12 2002

U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
AT SANTA ANA
DEPUTY
BY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

FILED BY FAX

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

ROBB EVANS, as Receiver for TLC America, Inc.,

Plaintiff,

vs.

JAMES F. GARRO, an individual; DAVID PRICE, an individual; PAUL CHOVANEC, an individual; TERRY E. PROVENCE, an individual; ALLISON-McCLOSKEY ESCROW CO., a California corporation; NAVAJO CAPITAL, INC., a Wyoming corporation; SIENNA FINANCIAL LTD., a British Virgin Islands corporation; CAMELOT INTERNATIONAL, LLC, a Wyoming limited liability company; MERLIN FINANCIAL, LLC, a Wyoming limited liability company; CORFU INTERNATIONAL, LLC, a Wyoming corporation; THE LANCELOT FOUNDATION, a Wyoming nonprofit company; APPALOOSA INTERNATIONAL, INC., a Wyoming corporation; CITATION FINANCIAL MANAGEMENT, INC., a Wisconsin corporation; CERTEX INVESTMENTS, INC., a Wisconsin corporation; DURHAM CAPITAL GROUP, INC, a Nevada corporation; and FORTRESS FINANCIAL LTD., a British Virgin Islands corporation,

Defendants.

**CASE NO. SACV 01-819 DOC (AnX)**

**[AMENDED PROPOSED] JUDGMENT AGAINST DEFENDANTS DAVID PRICE, DURHAM CAPITAL GROUP, INC., JAMES F. GARRO (AND HIS RELATED COMPANIES)**

TRIAL: Nov. 6, 2002
TIME: 8:30 a.m.

JUDGE: David O. Carter
CTRM: 9D

NOTE CHANGES MADE BY THE COURT

ELECTRONIC MS

DEC 19 2002

SACV01819

## ACTION AGAINST DEFENDANTS DAVID PRICE AND DURHAM CAPITAL

The action against Defendants David Price ("Price") and Durham Capital Group, Inc. ("Durham Capital") came on for trial before the Court on November 6, 2002, before the Honorable David O. Carter, United States District Court Judge, on the evidence of Robb Evans as Court Appointed Receiver for TLC America, Inc. and related entities ("Plaintiff") for judgment against Defendants Price and Durham Capital. The evidence presented having been fully considered, the issues having been duly heard and a decision having been duly rendered,

IT IS ORDERED AND ADJUDGED that:

1.     Defendants Price and Durham Capital are jointly and several liable to Plaintiff for the sum of $3,505,001.59, post-judgment interest on said sum as computed pursuant to 28 U.S.C. section 1961 and for the reasonable costs of suit of $*to be determined by Clerk*; and

2.     A constructive trust is imposed over the real property, fixtures and furnishings located at 7843 Marquette, Dallas, Texas. Defendants PRICE and DURHAM CAPITAL, and their agents, servants, assigns and those acting in concert with them, are enjoined from engaging in any activities to transfer, secret or dissipate these assets. Such prohibited activities include selling, divesting, transferring, further encumbering, or otherwise dissipating the assets on which the constructive trust is imposed.

## Action Against Defendants James F. Garro and His Related Companies

The portion of the judgment against Defendants James F. Garro and his related companies (Navajo Capital, Inc., Sienna Financial, Ltd., Camelot International, LLC, Merlin Financial, LLC, Corfu International,

- 1 -

SACV01819

LLC, the Lancelot Foundation, and Appaloosa International, Inc.) arises from Plaintiff's Motion to Enforce Settlement Agreement against said Defendants. That Motion came on for a duly noticed hearing on before the Court on November 16, 2002 at 8:30 a.m., before the Honorable David O. Carter, United States District Court Judge. The Court having reviewed Plaintiff's Motion, Defendants' Opposition and the supporting evidence thereto, and considered the arguments of counsel,

IT IS ORDERED AND ADJUDGED that:

1.    Plaintiff is awarded judgment against Defendants Garro and his related companies in the amount of $305,923.50 as well as reasonable ~~attorneys' fees and~~ costs incurred in enforcing the Settlement Agreement of $ _to be determined by Clerk_.

DATED: December _16_,2002 _____

HON. DAVID O. CARTER
United States District Court Judge

22107682

I hereby attest and certify on _1/16/03_ that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DEPUTY CLERK                    0163

-2-



**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBB EVANS, as Receiver for TLC America, Inc.,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES F. GARRO, an individual; DAVID PRICE, an individual; PAUL CHOVANEC, an individual; TERRY E. PROVENCE, an individual; ALLISON-McCLOSKEY ESCROW CO., a California corporation; NAVAJO CAPITAL, INC., a Wyoming corporation; SIENNA FINANCIAL LTD., a British Virgin Islands corporation; CAMELOT INTERNATIONAL, LLC, a Wyoming limited liability company; MERLIN FINANCIAL, LLC, a Wyoming limited liability company; CORFU INTERNATIONAL, LLC, a Wyoming corporation; THE LANCELOT FOUNDATION, a Wyoming nonprofit company; APPALOOSA INTERNATIONAL, INC., a Wyoming corporation; CITATION FINANCIAL MANAGEMENT, INC., a Wisconsin corporation; CERTEX INVESTMENTS, INC., a Wisconsin corporation; DURHAM CAPITAL GROUP, INC, a Nevada corporation; and FORTRESS FINANCIAL LTD., a British Virgin Islands corporation,<br><br>Defendants. | CASE NO. SACV 01-819 DOC (AnX)<br><br>[AMENDED ~~PROPOSED~~] ORDER ON PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AGAINST DEFENDANT GARRO (AND HIS RELATED COMPANIES)<br><br>TRIAL:  November 6, 2002<br>TIME:   8:30 a.m.<br>JUDGE: David O. Carter<br>CTRM:   9D |

SACV01819

This matter came to be heard upon the duly noticed motion (the "Motion") of Plaintiff Robb Evans as the Receiver for TLC America, Inc. (the "Plaintiff") for enforcement of the settlement agreement (the "Agreement") reached between the Plaintiff and Defendant James F. Garro and his related companies, Defendants Sienna Financial Ltd., Navajo Capital, Inc., Camelot International, LLC, Merlin Financial, LLC, Corfu International, LLC, the Lancelot Foundation, and Appaloosa International, Inc. (collectively referred to as "Defendants"). The Motion was heard on December 16, 2002 at 8:30 a.m. in Courtroom 9D of the United States District Court, Central District of California, Santa Ana Division, located at the Ronald Reagan Federal Building and Courthouse, 411 West Fourth Street, Santa Ana, California 92701-4516

The Court having reviewed Plaintiff's Motion to Enforce Settlement Against Defendant Garro (and His Related Companies), and the supporting evidence thereto, finds that it is appropriate and the interests of justice require that the Receiver's Motion be, and hereby is, **GRANTED.**

**THE COURT HEREBY ORDERS THAT:**

1.    The Receiver is entitled to judgment against Defendants Garro and his related companies in the amount of $305,923.50;

2.    Defendants Garro and his related companies to execute a letter (in the form attached hereto as Exh. B) authorizing Merrill Lynch to wire the frozen funds to the TLC America's bank account; and

3.    Merrill Lynch is authorized to transfer said funds to TLC's bank account; and

4.    The Receiver is authorized to sell the furnishings and artwork in the New Mexico residence and the statute of Geronimo to the extent necessary to satisfy the judgment after deducting the amounts received from Merrill Lynch. The Receiver is required to appraise such items prior

- 1 -

to sale and to provide an accounting to the Court of the sales proceeds (and how they were credited against the judgment) in his first report in the underlying SEC action following said sale.

**IT IS SO ORDERED.**

DATED: December _17_ 2002_

Judge, United States District Court

22107660